**LAWSON, Appellant,**

**v.**

**CLARK RUBBER COMPANY; Mihm, Admr., et al., Appellees.**

[Cite as *Lawson v. Clark Rubber Co.* (1993), 84 Ohio App.3d 831.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–069.

Decided Jan. 4, 1993.

*Ann Mandel Garson,* for appellant.

*Lee Fisher,* Attorney General, *Anita M. Ramos* and *Margaret Dodane Everett,* Assistant Attorneys General, for appellees.

FORD, Presiding Judge.

This appeal comes from the Lake County Court of Common Pleas. Appellant, Darryl Lawson, appeals from the trial court's judgment granting the motion of appellees, the Bureau of Workers' Compensation ("bureau"), and the Industrial Commission of Ohio ("commission"), and defendant Clark Rubber Company ("Clark"), for directed verdict.

Appellant filed a complaint in the Lake County Court of Common Pleas seeking participation in the Workers' Compensation Fund. Specifically, his claim was for a herniated disk.

The record before this court consists of the transcript from the in-chambers discussion regarding the motion for directed verdict. The trial court granted the motion without comment.

While the judgment entry is silent as to the rationale of the decision, the transcript from the in-chambers discussion among the attorneys and the trial court reveals that the motion for directed verdict was advanced by appellees and Clark upon the theory of *res judicata* and appellant's alleged failure to timely notify the commission or the bureau regarding his herniated disc.

Appellant assigns the following as error:

"The trial court erred in granting defendants' motion for a directed verdict at the close of plaintiff's evidence."

Within this assignment, appellant advances two arguments. First, appellant contends that the trial court erred in granting the motion for directed verdict

because of his alleged failure to give notice of his herniated disc within two years of learning of the condition, and, second, he contends that the trial court erred in granting a directed verdict based upon *res judicata*.

Motions for directed verdict are granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue, reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *." Civ.R. 50(A)(4).

First, we address appellant's contention that the trial court should not have directed a verdict on the ground that his case was time barred. R.C. 4123.-84(A)(1) reads:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation[.]"

The parties to this case believe that different cases apply to the present situation. Appellant argues that *Dent v. AT & T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 527 N.E.2d 821, governs, while appellees contend that *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909, controls.

In *Dent*, at the syllabus, the Supreme Court stated:

"An injured employee is required to give written notice of the specific part or parts of the body claimed to have been injured within two years after the injury, but is not required to include in such notice the specific nature of the physical condition or impairment resulting from such injury. (R.C. 4123.84 and 4123.52, construed.)"

In *Dent*, the employee's initial workers' compensation claim gave notice that she had injured her left knee, and the claim was recognized for contusions and abrasions of the left knee. About ten years later, the employee filed a motion for formal recognition of " 'chondromalacia of the patella and arthritic changes' " which was granted by the commission. *Id.*, 38 Ohio St.3d at 187, 527 N.E.2d at 821. The employer appealed this decision arguing that the additional conditions were barred by the two-year statute of limitations noted in R.C. 4123.84.

The Supreme Court concluded that "[t]he essential requirement of * * * [R.C. 4123.84 and 4123.52] is that the injured employee give written notice within two years of the specific part or parts of the body he or she claims to have been injured. These provisions do not require that the claimant give notice of a

834

specific medical condition resulting from the injury * * *." *Dent*, 38 Ohio St.3d at 189, 527 N.E.2d at 824.

Appellees argue that *Clementi* applies. *Clementi* stands for the proposition that a "flow through" or "residual injury," which is defined "*as 'one developing in a body part not originally alleged per R.C. 4123.84(A)(1)' *" (emphasis added), 39 Ohio St.3d at 343, 530 N.E.2d at 910, citing *Dent,* is barred unless the claimant files a motion for additional allowance within two years of the time the claimant knew or should have known of the additional condition.

The key to determining whether *Clementi* or *Dent* applies to the case *sub judice* is the initial notice stating which part or parts of the body appellant injured. If the herniated disc is in the same body part as indicated in appellant's notice, then *Dent* applies, but if the herniated disc is in a different body part, then *Clementi* applies.

As previously stated, appellant has provided this court only with that portion of the trial transcript consisting of the directed verdict discussion among the attorneys and the court. We have not been provided with a partial or complete transcript of the testimony and/or evidence offered at trial. Therefore, we do not know if there was any evidence that the herniated disc is or is not within the same body part which appellant indicated in his initial notice. More-over, we cannot determine whether there was an absence of evidence on this point. As previously stated, the notice is the reference point from which the analysis must begin. Furthermore, the exhibits which appellant and appellees attached to their appellate briefs cannot be considered by this court as there is no indication that they were part of the trial record. See *Martin v. Martin* (Dec. 21, 1990), Portage App. No. 89-P-2114, unreported, at 9, 1990 WL 212643.

"A presumption of validity attends the trial court's action. In the absence of an adequate record, which is the appellant's responsibility, * * * we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. * * *" *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385. In this case, the presumption is that the trial court properly applied *Clementi* in concluding that the herniated disc injury was time barred.

Appellant could overcome this presumption in one of two ways. He could either establish that there was no evidence offered regarding the content of appellant's initial notice, which would show that the trial court had an insufficient record to determine that either *Dent* or *Clementi* applied; or, he could reference the portion of the record where such evidence was admitted. If this evidence were of record to support his position that the herniated disc is within the same

body part listed in the initial notice, then we could determine that *Dent* applies, and that the trial court's application of *Clementi* was incorrect.

The first alternative requires appellant to substantiate the negative, *i.e.*, that the trial court's ruling was unsupported by the evidence.

"A transcript of all evidence relevant to challenged findings or conclusions is necessary when the appellant contends: (1) they are contrary to the weight of the evidence, or (2) they are unsupported by the evidence. (App.R. 9[B].[1] ) Appellant has the burden of providing a record by transcript or otherwise which exemplifies the claimed error. Appellee has no burden to supply additional portions of the record unless he seeks to show an alternative ground for affirmance." *Tyrrell v. Investment Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621, at paragraph two of the syllabus.

Appellant did not provide this court with either a partial or complete transcript of the proceedings and the evidence submitted at trial. Moreover, appellant did not order the portion of the transcript indicating that the herniated disc was within the same body part enumerated in appellant's initial notice, if such evidence was admitted. Therefore, appellant has failed to provide this court with a record overcoming the presumption of the validity of the trial court's ruling. *Columbus v. Hodge* (1987) 37 Ohio App.3d 68, 523 N.E.2d 515, citing *Knapp* and *Tyrrell.*

Because the presumption of the validity of the trial court's application of *Clementi* has not been overcome, appellant's remaining argument regarding *res judicata* is moot and need not be addressed. App.R. 12(A).

Based upon the foregoing, the judgment of the trial is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.

---

1. App.R. 9(B) states in part: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."