OPINION
Defendant-appellant, William Withers, appeals the decision of the Belmont County Court of Common Pleas granting a divorce to plaintiff-appellee, Dolores Withers.
Appellee filed a complaint for divorce on August 19, 1997. On September 5, 1997, appellant filed a counterclaim for a decree of legal separation from appellee. After a hearing, the trial court issued a decision granting appellee's divorce and dividing the parties' property. Pursuant to appellant's request, the trial court entered separate findings of fact and conclusions of law on February 3, 1998. The final divorce decree was issued on February 11, 1998.
Appellant filed a notice of appeal on February 6, 1998. The document appellant has submitted as a brief does not contain assignments of error as required by App.R. 16 (A) (3), but rather, a series of "arguments". However, to the extent that appellee concedes that appellant "seems to offer four (4) grounds for reversal" we construe appellant's statements consistent with appellee's construction of them.
Appellant's first argument appears to be that appellee was not of sound mental health at the time she filed for a divorce. In support of this argument, appellant claims that appellee suffers from manic depression and "Delusion of Persecution". Appellant has attached to his brief a letter from a doctor stating that appellee has been diagnosed with a "transient ischemic attack". However, there is nothing to demonstrate that this document was ever presented to the trial court, let alone that it was admitted as evidence at the divorce hearing. Exhibits attached to briefs cannot be considered by this court where there is no indication that they were part of the trial record. Lawson v. Clark RubberCo. (1993), 84 Ohio App.3d 831, 834.
Appellee claims that the issue of her mental competency was not raised in the pleadings and further states that the trial court had an opportunity to see, hear and question appellee regarding her mental health. We note that appellant has failed to include a transcript of the trial proceedings as part of the record on appeal. The duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. Id. Because appellant has failed to present any evidence with which to support his claim that appellee was not of sound mind when she filed for divorce, appellant's first "argument" is without merit.
Appellant's second argument states as follows:
 "After I testified that I did not want a divorce, Judge Solovan erred in permitting perjured testimony to be admitted to the record."
Appellant offers no evidence to support this claim nor any indication as to what particular evidence was perjured. As already noted, appellant bears the burden of showing error by reference to matters in the record. Knapp, supra; App.R. 16 (A) (7). In the absence of a transcript of the divorce hearing, we have no choice but to presume the validity of the trial court's proceedings.
The third argument made by appellant appears to be a claim that appellant was denied the effective assistance of counsel. Appellant argues that his trial counsel failed to call two witnesses that appellant had provided names and addresses for, and that counsel "quit before case completed then lied as to reason for quitting." Besides the fact that appellant fails to offer evidentiary support for his claims in this regard, we note that there is no constitutional right to effective counsel between individual litigants in a civil case. Roth v. Roth
(1989), 65 Ohio App.3d 768, 776. Appellant presumably selected his trial counsel and if said counsel was ineffective then appellant's remedy is by means of a malpractice action. Id. As such, appellant's third argument is without merit.
Appellant's final argument is that counsel for both sides conferenced with the trial court by telephone which prejudiced appellant's case. Again, appellant offers no evidentiary support for this claim nor any indication as to how he was prejudiced. Appellant concedes that both parties were represented during the alleged phone conference. As such, appellant's final argument is without merit.
Finding no merit to any of appellant's arguments, the decision of the trial court is hereby affirmed.
Cox, J., Vukovich, J., concurs.
 APPROVED: _________________________ Gene Donofrio Judge