This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Robert Willett (hereinafter "Willett"), appeals the trial court's judgment he was guilty of driving under the influence. For the following reasons, we conclude the trial court properly found Willett guilty of driving under the influence and affirm its decision.
On August 1, 1999, Trooper Gary Wright of the State Highway Patrol clocked Willett traveling forty-six miles per hour on U.S. 40 in St. Clairsville, OH. The officer proceeded to stop Willett and administered a breathalyser test to him. The results of the test found Willett's blood alcohol content to be .206. The officer then arrested Willett.
From what we can glean from the record, it appears that on October, 28, 1999, the trial court entertained oral motions on behalf of Willett which were denied. At the trial on December 21, 1999, Willett pled no contest to a charge of driving under the influence and was found guilty of that charge. On December 30, 1999, he filed a notice of appeal.
Willett appeals the trial court's judgment he was guilty of driving under the influence asserting: 1) the State failed to establish at the hearing the probable cause needed for the arresting officer to stop and investigate Willett's car; and, 2) the conviction is improper because the arresting officer was confused as to the city's jurisdictional limits and the actual speed limit when he effected his stop.
Each of Willett's assigned errors deal with issues of fact established at the motion hearing. However, Willett argues these issues of fact without filing a transcript, thereby violating App.R. 9. App.R. 9(B) provides an appellant shall provide a transcript when it is necessary for appellate review.
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to his disadvantage rather than to the disadvantage of the appellee. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19. Therefore, absent a transcript of hearing or other App.R. 9(C) or (D) alternative submitted by Willett, where the transcript is unavailable, this Court must assume the regularity of the trial court proceedings and affirm. State v. Dillon
(Mar. 8, 1999), Belmont App. No. 96-BA-17, unreported, 5.
Attaching select pages from the transcript as an exhibit to the merit brief, which Willett has done here, does not meet the requirements of App.R. 9. "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired inthe trial court as reflected by the record made of the proceedings." (Emphasis added) State v. Ishmail (1978), 54 Ohio St.2d 402, 405-6. Where the transcript is not filed, but instead portions are attached as an exhibit, there is no indication it was ever part of the trial record.Lawson v. Clark Rubber Co. (1993), 84 Ohio App.3d 831, 834.
Willett has failed to provide this court with a complete transcript of either the motion hearing or the trial to enable us to address his assignments of error, although the record does reflect one was ordered. We have no way of knowing what evidence was or was not introduced at any time during the proceedings. Therefore, this court has no choice but to presume the validity of the trial court's proceedings, and affirm.
Appellant's assignments of error are meritless and the decision of the trial court is affirmed.
DONOFRIO, J. and WAITE, J., Concurs.