This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Bobbie Jo D'Amico (hereinafter "Bobbie Jo"), appeals the trial court's decision which adopted a magistrate's decision and overruled her Motion for Immediate Enforcement of Judgment Entry. Although Bobbie Jo argues the decision was against the manifest weight of the evidence, the real issue before us is whether the instant appeal sufficiently conforms with the appellate rules to permit us to consider the merits. For the following reasons, we affirm the decision of the trial court.
Appellee, Joseph D'Amico (hereinafter "Joseph"), and Bobbie Jo were married on August 11, 1979. On December 10, 1992, Joseph filed for divorce and, pursuant to an oral separation agreement, the parties were divorced on March 24, 1994. Bobbie Jo filed a Rule 60(B) Motion for Relief from Judgment on May 18, 1994, which the trial court denied. This court upheld that denial.
After Bobbie Jo filed different Motions for Immediate Enforcement of Judgment Entry which were dismissed or denied and are not subject to this appeal, she filed a Motion for Immediate Enforcement of Judgment Entry and Equitable Relief on August 24, 1999. A magistrate heard the motion on November 10, 1999 and, on November 12, 1999, concluded the motion should be denied. Bobbie Jo timely filed objections to the magistrate's decision and, on February 3, 2000, the trial court adopted the magistrate's decision and denied the motion.
Bobbie Jo's sole assignment of error argues:
 "The magistrate's decision was against the manifest weight of the evidence."
We affirm the trial court's decision because Bobbie Jo has failed to properly supply this court with a complete record of the proceedings before the magistrate and the trial court, necessitating us to presume the validity of those proceedings.
When objecting to a magistrate's finding of fact, a party must file either a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(b). Furthermore, an appellant who challenges a judgment as being against the manifest weight of the evidence "shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B). In this case, Bobbie Jo has not provided this court with the transcript of the proceedings before either the magistrate or the trial court in violation of App.R. 9.
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
This is not the first time we have addressed this procedural defect.
 "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, 1985 WL 10429, we observed:
 "`There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.'
 "Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799.
Therefore, absent a transcript of hearing or other App.R. 9(C) or (D) alternative submitted by Bobbie Jo, we must presume the regularity of the trial court's proceedings and affirm. State v. Dillon (Mar. 8, 1999), Belmont App. No. 96-BA-17, unreported, 5.
By attaching the transcript as an exhibit to her brief rather than properly filing it, Bobbie Jo has not meet the requirements of App.R. 9.
 "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." (Emphasis added) State v. Ishmail
(1978), 54 Ohio St.2d 402, 405-6.
When the transcript is not filed, but instead is attached as an exhibit, there is no indication it was ever part of the trial record.Lawson v. Clark Rubber Co. (1993), 84 Ohio App.3d 831, 834. Appellants must abide by the straightforward process set forth in the Appellate Rules in order to avail themselves of the appellate process.
A failure to comply with App.R. 9 usually dictates that we affirm the trial court's decision. But because Joseph has not filed an appellee's brief, we have some discretion whether or not to affirm on procedural grounds. An appellee should not take the chance of relying upon the discretion of this court. When an appellee fails to file a brief with the reviewing court, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). In the present situation, a court may be tempted to do this. State ex rel. Montgomeryv. R D Chem. Co. (1995), 72 Ohio St.3d 202, 204. This court in Sedlackov. McCoy (Feb. 25, 1999), Mahoning App. No. 96 CA 210, unreported, has previously held our discretion is limited in these situations.
 "Pursuant to App.R. 12(A)(1)(b), this Court determines an appeal on its merits based upon only the following information: the assignments of error set forth in the appellate briefs, the record on appeal, and unless waived, information presented in oral argument. The Ohio Supreme Court has held that `* * * the Court of Appeals is bound by the record before it and may not consider facts extraneous thereto.' Paulin v. Midland Mut. Life Ins. Co. (1974), 37 Ohio St.2d 109, 112. In State v. Ishmail, the Ohio Supreme Court stated that `[s]ince a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings.' (1978), 54 Ohio St.2d 402, 405-406. Thus, we cannot review any `newly discovered evidence' submitted by appellant on appeal.
 "Additionally, all of the assignments of error set forth by appellant require a review of the transcript of the lower court merits hearing to examine the conduct of the trial and the testimony and exhibits presented. Appellant has failed to provide a transcript of the trial court hearing so that this Court could review the matter in full. Pursuant to App.R. 9(B) and 10(A), it is the appellant's duty to order and provide a transcript to this Court. If the transcript was unavailable, Appellant could have filed alternatives to the transcript by filing a Statement of the Evidence or Proceedings under App.R. 9(C) or an Agreed Statement of the Record under App.R. 9(D). This was not done.
 "Absent an adequate record, this Court has held that a reviewing court is unable to evaluate the merits of Appellant's argument and a presumption of validity attends the trial court's actions. Kollar v. Canfield Automotive Repair Service (Dec. 17, 1992), Mahoning App. No. 91 C.A. 82, unreported, quoting Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314." Id. at 4.
In this particular situation, we are still limited to considering the facts that can be gleaned from the record. Because Bobbie Jo has failed to provide this court with any way to review her assignments of error, we must presume the validity of the proceedings before the magistrate and the trial court. Therefore, Bobbie Jo's assignment of error is meritless, and the decision of the trial court is affirmed.
Donofrio, J., concurs
Waite, J., concurs