This timely appeal comes on for consideration upon a limited record from the trial court and the appellant's brief. Appellant, Mark Budrovic (hereinafter "Budrovic"), appeals the trial court's decision finding him guilty of Hindering a Liquor Investigation in violation of R.C. 4301.66(A). Although appellant argues his conviction was against the manifest weight of the evidence, the real issue before us is whether the instant appeal sufficiently conforms with the appellate rules so we may consider the merits. For the following reasons, we affirm the decision of the trial court.
On September 19, 1999, two officers from the Youngstown Police Department were observing a liquor establishment named Smokey Joe's. The officers attempted to enter the establishment and were denied access by Budrovic. One of the officers filed a complaint against Budrovic, the matter proceeded to trial. Budrovic was found guilty of Hindering a Liquor Investigation, and sentenced on January 7, 2000.
Budrovic's sole assignment of error argues:
 "The Appellant's conviction was against the manifest weight of the evidence."
We affirm the trial court's decision because Budrovic has failed to properly supply this court with a complete record of the proceedings below, necessitating us to presume the validity of the trial court's proceedings, even though the State has failed to file an appellee's brief.
When an appellant contends the trial court's decision is against the manifest weight of the evidence, in most cases, this places at issue the entire record of proceedings in the trial court. Accordingly, a reviewing court must be provided with a record to review. In this case, Budrovic has not provided us with the transcript of the proceedings in violation of App.R. 9, which provides an appellant shall provide a transcript when it is necessary for appellate review.
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
This is not the first time this Court has considered the procedural situation the instant case presents.
 "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799.
Even "[a] criminal defendant must suffer the consequences of non-production of an appellate record when such non-production is caused by his or her own actions." State v. Jones (1994), 71 Ohio St.3d 293,297. Therefore, absent a transcript of hearing or other App.R. 9(C) or (D) alternative submitted by Budrovic we must assume the regularity of lower court proceedings and affirm. State v. Dillon (Mar. 8, 1999), Belmont App. No. 96-BA-17, unreported, 5.
By attaching select pages of a transcript as an exhibit to his brief, rather than properly filing a whole or partial transcript, Budrovic has not met the requirements of App.R. 9.
 "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." (Emphasis added) State v. Ishmail
(1978), 54 Ohio St.2d 402, 405-6.
When the transcript is not filed, but instead is attached as an exhibit, there is no indication it was ever part of the trial record.Lawson v. Clark Rubber Co. (1993), 84 Ohio App.3d 831, 834. Appellants must abide by the straightforward process laid out in the Appellate Rules in order to avail themselves of the appellate process.
A failure to comply with App.R. 9 usually dictates this court affirm the trial court's decision. But because the State has not filed an appellee's brief, we have some discretion whether or not to affirm on procedural grounds. An appellee should not take the chance of relying upon the discretion of this court. When an appellee files no brief with the reviewing court, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). In the present situation, a court may be tempted to do this. State ex rel. Montgomeryv. R D Chem. Co. (1995), 72 Ohio St.3d 202, 204.
This court in Sedlacko v. McCoy (Feb. 25, 1999), Mahoning App. No. 96 CA 210, unreported, has previously held our discretion is limited in these situations.
 "Pursuant to App.R. 12(A)(1)(b), this Court determines an appeal on its merits based upon only the following information: the assignments of error set forth in the appellate briefs, the record on appeal, and unless waived, information presented in oral argument. The Ohio Supreme Court has held that `* * * the Court of Appeals is bound by the record before it and may not consider facts extraneous thereto.' Paulin v. Midland Mut. Life Ins. Co. (1974), 37 Ohio St.2d 109, 112. In State v. Ishmail, the Ohio Supreme Court stated that `[s]ince a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings.' (1978), 54 Ohio St.2d 402, 405-406. Thus, we cannot review any `newly discovered evidence' submitted by appellant on appeal.
 "Additionally, all of the assignments of error set forth by appellant require a review of the transcript of the lower court merits hearing to examine the conduct of the trial and the testimony and exhibits presented. Appellant has failed to provide a transcript of the trial court hearing so that this Court could review the matter in full. Pursuant to App.R. 9(B) and 10(A), it is the appellant's duty to order and provide a transcript to this Court. If the transcript was unavailable, Appellant could have filed alternatives to the transcript by filing a Statement of the Evidence or Proceedings under App.R. 9(C) or an Agreed Statement of the Record under App.R. 9(D). This was not done.
 "Absent an adequate record, this Court has held that a reviewing court is unable to evaluate the merits of Appellant's argument and a presumption of validity attends the trial court's actions. Kollar v. Canfield Automotive Repair Service (Dec. 17, 1992), Mahoning App. No. 91 C.A. 82, unreported, quoting Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314." Sedlack, at 4.
Therefore, in this particular situation, we are still limited to considering the facts that can be gleaned from the record and must presume the validity of the trial court's proceedings given Budrovic's failure to file the entire transcript for our review. Select portions of a purported transcript attached as an exhibit to an appellate brief falls woefully short of compliance with the Appellate Rules, as does appellee's failure to file a merit brief. The better practice would be to file, at a minimum, a brief statement by appellee indicating a choice not to respond to appellant's argument rather than leaving the impression that the matter was ignored by not filing a merit brief at all.
Because he has failed to provide this court with any way to review his assignment of error, Budrovic's assignment of error is meritless and the decision of the trial court is affirmed.
Donofrio, J., Concurs.
Waite, J., Concurs in judgment only.