DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court, Small Claims Division, judgment entered in favor of Brian Shin Ching Kao, plaintiff below and appellee herein, and against AFC Corporation, Noburiro Tamura and Nicky Thein Htun, defendants below and appellants herein. The court awarded appellee $3000 for his claim that appellants forced him to accept rotten salmon as stock for his sushi bar.
After our review of the court file, we find that we are unable to conduct a meaningful appellate review. First, appellants have filed a document with this court that does not conform to the requirements of an appellate brief. See App.R. 16. The document contains no discernible assignments of error. See App.R. 16(A)(3).
Second, appellants appear to attack the trial court's factual findings. Appellants did not, however, provide a sufficient record to enable this court to conduct a meaningful appellate review. Appellants bear the burden of providing an adequate record on appeal. See App.R. 9(B); Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47,474 N.E.2d 621. Appellants have filed neither a transcript nor an App.R. 9(C) or (D) statement containing factual findings.
 "A transcript of all evidence relevant to challenged findings or conclusions is necessary when the appellant contends: (1) they are contrary to the weight of the evidence, or (2) they are unsupported by the evidence. Appellant has the burden of providing a record by transcript or otherwise which exemplifies the claimed error."
Id., paragraph two of the syllabus; see, also, Lawson v. Clark RubberCo. (1993), 84 Ohio App.3d 831, 619 N.E.2d 26.
In the absence of an adequate record of the trial court proceedings, we must presume the regularity of the trial court proceedings. SeeVolodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314,549 N.E.2d 1237, 1238. Without an adequate record and without discernible assignments of error, we are unable to evaluate the merits of appellants' arguments. See id.; see, also, App.R. 12(A)(1)(b) and (A)(2).
We recognize that appellants are acting pro se. "However, when a person chooses to represent himself, that person `is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Franklin Cty.Dist. Bd. of Health v. Sturgill (Dec. 14, 1999), Franklin App. No. 99AP-362, unreported (quoting Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, unreported).
Accordingly, based upon the foregoing reasons, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court, Small Claims Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion