JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, plaintiff, Harvar Singh ("Singh"), appeals the trial court's denial of his motion for directed verdict and his motion for judgment notwithstanding the verdict. Singh had filed for workers' compensation following a slip and fall at his place of employment, New York Frozen Foods ("employer"). He applied for compensation for seven different injuries, one of which employer conceded. The Industrial Commission allowed his claim in its entirety and employer appealed those claims which it had not conceded. During the trial, Singh moved for directed verdict, which motion was denied. The jury found in favor of the employer. After the jury was dismissed, Singh moved for judgment notwithstanding the verdict (J.N.O.V.), which motion was also denied. He appealed the two denials separately, which appeals this court consolidated.
 {¶ 2} Singh states two assignments of error:
The trial court erred by overruling plaintiff-appellant's motion for a directed verdict that plaintiff is entitled to participate in the worker's compensation fund for the conditions of Acute Left Lateral Cervical Strain, Right Medical [Sic] Epicondylitis and Lumbosacral Strain.
The trial judge erred by overruling plaintiff's motion for judgment notwithstanding the verdict regarding plaintiff's right to participate under the Worker's Compensation Act for the conditions of Acute Left Lateral Cervical Strain, Right Medial Epicondylitis and Lumbosacral Strain.
 {¶ 3} Singh challenges the jury decision that he did not have either "right elbow medial epicondylitis" or "acute lumbosacral strain" and that his "acute left lateral cervical strain" was not "directly and proximately caused by his work accident of March 6, 2001." Singh concludes that he was entitled to either a directed verdict or judgment notwithstanding the verdict.
 {¶ 4} Civ.R. 50, which controls both motions, states in pertinent part:
When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
* * *
(B) Motion for judgment notwithstanding the verdict. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence.
 {¶ 5} When deciding either of these motions, the court does not weigh the evidence. Rather, "[w]hen a motion for a directed verdict is entered, what is being tested is a question of law; [sic] that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it * * * assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence. The evidence is granted its most favorable interpretation and is considered as establishing every material fact it tends to prove." Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68-69.
 {¶ 6} Similarly, in a J.N.O.V. motion,
[p]ursuant to Civ.R. 50(B), this Court reviews Appellants' motion for judgment notwithstanding the verdict de novo. * * * In ruling on a motion for judgment notwithstanding the verdict, the evidence is construed most strongly in favor of the nonmovant, who is also given the benefit of all reasonable inferences from the evidence. * * * The Court must not weigh the evidence or the credibility of the witnesses when reviewing such a motion. * * * A motion for judgment notwithstanding the verdict should be denied if there is substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim.
 {¶ 7} Holiday Properties Acquisition Corp. v. Lowrie, Summit App. Nos. 21055 and 21133, 2003-Ohio-1136, ¶ 5, citations omitted.
 {¶ 8} When he filed his first appeal of the denial of his motion for directed verdict, Singh requested the clerk of courts to transmit to the appellate court only the testimony of the two expert witnesses. In his second appeal, Singh initially requested the entire transcript.[1] For whatever reason, this court never received the record in either appeal, so it dismissed both appeals. Singh then filed a motion to amend his praecipe and limit the transcript requested in the second appeal to the partial transcript he requested in the first appeal. This court granted that motion, but no portion of the transcript has ever been filed by the clerk of the trial court.
 {¶ 9} App.R. 9(A) outlines the required "composition of the record on appeal." When an appellant requests the record for an appeal, he must separately order the transcript pursuant to App.R. 9(B). App.R. 9(B) states in part that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 10} Although this court never received any portion of the trial transcript, Singh attached to his appellate brief the depositions of two expert witnesses presented at trial. One of those deposition transcripts, that of his treating physician, was not authenticated by the transcriber's signature. The deposition of the second expert, who had been the employer's expert but was presented by Singh at trial, was provided without the court's rulings on the objections made during the deposition.[2]
Furthermore, we have nothing in the record to show that these depositions were ever presented at trial. Nor is there any evidence that the court admitted any of the exhibits included with the depositions. The record in this appeal consists solely of the pleadings, pretrial and trial briefs, proposed jury instructions, judgment entries, and the notice of appeal.
 {¶ 11} Nothing in the record indicates that either deposition was even filed with the court.
It is well established that an appellant has the burden of demonstrating from the record the errors he complains of. Baxterv. Baxter (1950), 66 Ohio Law Abs. 129. The record on appeal consists of the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court. Appellate Rule 9(A).
 {¶ 12} Conway v. Ford Motor Co. (1976), 48 Ohio App.2d 233,236, emphasis added.
 {¶ 13} The filing of depositions with the court is governed by Civ.R. 30(F), which states in pertinent part:
Upon request of any party or order of the court, the officer shall transcribe the deposition. * * * The officer shall certify on the transcribed deposition that the witness was fully sworn or affirmed by the officer and that the transcribed deposition is a true record of the testimony given by the witness. If any of the parties request or the court orders, the officer shall seal the transcribed deposition in an envelope endorsed with the title of the action and marked "Deposition of (here insert name of witness)" and, upon payment of the officer's fees, promptly shall file it with the court in which the action is pending or send it by certified or express mail to the clerk of the court for filing.
Unless objection is made to their production for inspection during the examination of the witness, documents and things shall be marked for identification and annexed to and returned with the deposition.
 {¶ 14} Video depositions used at trial, in addition to being governed by Civ.R. 30, are also governed by Sup.R. 13. In explanation of this rule, the commentary to Sup.R. 13(A)(10) states that the rule is the counterpart of a provision in Civ.R. 30(F)(1).
Filing is not automatic in the case of a depositionirrespective of the medium in which it is recorded. Filingdepends upon a request of the party or order of the court. * * *
 {¶ 15} Civ.R. 30(F)(3) requires that the party requesting the filing of a deposition give notice of its filing to all other parties. Civ.R. 5(B). Filing of the notice with proof of service is provided for in Civ.R. 6(D). (Emphasis added.)
 {¶ 16} Here, according to the docket, plaintiff has presented to this court two depositions that were never filed with the trial court. New York Frozen Foods filed a motion in this court to strike these depositions from the appellate record. Because the depositions were not filed with the court below and because there is no evidence that the exhibits were admitted at trial, we have granted this motion.
 {¶ 17} The question then is whether what is in the record provides a basis to address plaintiff's assigned errors. The appellate court needs all relevant portions of the transcript which present the necessary evidence in order to review the trial court's judgment regarding its ruling on motions.
If a party can demonstrate the error complained of by the use of the original papers and exhibits thereto or by the docket and journal entries, it is not necessary for him to provide an appellate court with a transcript of proceedings, a narrative statement, or an agreed statement as provided for in Appellate Rules 9(B), 9(C) and 9(D). However, if an appellant intends to urge on appeal that a finding or conclusion is unsupported bythe evidence, is contrary to the weight of the evidence, that there was error in the trial court's charge to the jury, or some other similar issue, it is necessary for him to provide the court with either a complete or partial verbatim transcript of the testimony, as required by Appellate Rule 9(B), or a narrative statement, as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D).
 {¶ 18} Conway, supra, pp. 236-237.
 {¶ 19} It follows from App. R. 9(B) and 10(A) and Section (1) of Rule IV of the Supreme Court Rules of Practice that:
where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218,400 N.E.2d 384. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee.
 {¶ 20} Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17,21.
 {¶ 21} Without the entire record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below. * * * When the alleged error is that the trial court judgment was * * * unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. * * * An appellant may not attempt to shift the burden onto the appellee by filing only portions of the trial record and claiming an insufficiency of evidence on some issue. Id." Hartt v. Munobe
(1993), 67 Ohio St.3d 3, 10, citations omitted.
 {¶ 22} In the case at bar appellant claims that the totality of the evidence was not sufficient to support the jury's verdict. Because we do not have all the evidence available to us, we must presume regularity on the part of the trial court.[3]
 {¶ 23} We have nothing to show us what else transpired at trial. Regardless of how favorable the information contained in the two depositions is to Singh's case, we cannot judge the sufficiency of the evidence without the rest of it. For all we know, the rest of the transcript could contain evidence which totally redefines or retracts what was provided to this court. Indeed, even more fundamentally, we have no evidence these depositions were ever before the trial court. Because Singh failed to provide the appellate court with the complete transcript of the trial, we must defer to the judgment of the trial court.
 {¶ 24} The trial court's judgment, therefore, is affirmed.
Judgment affirmed.
Dyke, P.J., and COONEY, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Because we do not have a transcript of the trial, we have no way of knowing whether either of these experts testified live at trial or only by deposition.
[2] The employer stated in its brief that it had decided that presenting its expert would only serve to confuse the jury and, therefore, did not present the expert. Singh, however, chose to present defendant's expert.
[3] Furthermore, attaching part or even the entire transcript to a brief does not properly place a record before an appellate court. By attaching select pages of a transcript as an exhibit to his brief, rather than properly filing a whole or partial transcript, [the appealing party] has not met the requirements of App.R. 9. "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." * * * State v. Ishmail (1978),54 Ohio St.2d 402, 405-6, 377 N.E.2d 500.
When the transcript is not filed, but instead is attached as an exhibit, there is no indication it was ever part of the trial record. Lawson v. Clark Rubber Co. (1993), 84 Ohio App.3d 831,834, 619 N.E.2d 26. Appellants must abide by the straightforward process laid out in the Appellate Rules in order to avail themselves of the appellate process. State v. Brudovic (Oct. 31, 2001), Mahoning App. No. 00 CA 5, 2001 Ohio App. LEXIS 4914, at *5.