{¶ 1} Appellants, Naomi Fell and Ann Adams, appeal a March 23, 2006 judgment of the Cuyahoga County Court of Common Pleas, Probate Division, overruling appellants' objections to the magistrate's decision in favor of appellee, Alma L. Hardy, and adopting his findings of fact and conclusions of law as its own.
 {¶ 2} On September 23, 2003, appellee filed a complaint against appellants Fell and Adams, alleging, inter alia, that they embezzled a residence owned by Estelle M. Hardy, located at 11703 Chesterfield Avenue, Cleveland, Ohio, 44108 ("the property"), through fraud and undue influence.[1] Appellee demanded *Page 3 
compensatory and punitive damages and that the mortgage against the property be declared void as well.[2]
 {¶ 3} On August 17, 2005, the magistrate held an evidentiary hearing on the matter. The magistrate issued his decision on October 17, 2005. In the decision, the magistrate noted at the outset that "[n]o transcript of the hearing was taken. The parties waived the attendance of a court reporter."
 {¶ 4} The magistrate found that appellants conspired against Estelle M. Hardy to obtain her property to enrich themselves. He recommended that they be found guilty of concealing and conveying away assets owned by the estate of Estelle M. Hardy, the asset being the equity in the home which they mortgaged against the property and used for their benefit.[3] He further recommended that judgment should be rendered against appellants in the amount of $67,500, plus ten percent interest. Appellants filed objections to the magistrate's decision. *Page 4 
 {¶ 5} On March 23, 2006, the trial court overruled appellants' objections and adopted the magistrate's decision. It is from this judgment that appellants timely appealed, and raised the following two assignments of error:
 {¶ 6} "[1.] Whether the probate court erred and otherwise abused its discretion in determining that the objections taken to the magistrate's report were not well taken and overruled, and that the findings and conclusions of the magistrate were adopted as the findings and conclusions of the probate court when the magistrate's findings of facts are against the manifest weight of the evidence and not supported by competent and credible evidence which directly led to an improper finding that there was undue influence.
 {¶ 7} "[2.] Whether the probate court erred and otherwise abused its discretion in determining that the objections taken to the magistrate's report were not well taken and overruled, and that the findings and conclusions of the magistrate were adopted as the findings and conclusions of the probate court, when the magistrate[']s applied the wrong standard of law to set aside a valid transfer of realty based upon fraud and/or undue influence."
 {¶ 8} In their first assignment of error, challenging the magistrate's findings of fact and conclusions of law, appellants present three issues for review: (1) whether factual errors are preserved in the record for appellate review when there was no transcript of the proceedings, but there was documentary evidence; (2) whether the *Page 5 
factual errors made by the magistrate were against the manifest weight of the evidence; and (3) whether the factual errors led to a fundamental presumption against appellants to their detriment.
 {¶ 9} It is well established that under App.R. 9(B), it is unequivocal that the "duty to provide a transcript for appellate review falls upon the appellant * * * because an appellant bears the burden of showing error by reference to matters in the record." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. App.R. 9(B) provides in pertinent part that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." (Emphasis added.) As such, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 10} In the case at bar, it is clear that there was no transcript. The magistrate stated at the outset of the hearing that it was not being recorded and that the parties waived the attendance of a court reporter. Nevertheless, the appellate rules provide a remedy that preserves the right to full review in such situations. Specifically, App.R. 9(C) provides "* * * if a transcript is unavailable, the appellant may *Page 6 
prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Thus, when a transcript is unavailable, an appellant has an affirmative duty to provide this court with anarrative statement prepared pursuant to App.R. 9(C), "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence," as set forth in App.R. 9(B).[4]
 {¶ 11} Additionally, an appellant has another option pursuant to App.R. 9(D); i.e., the parties in the case may submit an agreed statement "showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented." If the record is established pursuant to App.R. 9(C) or (D), the statement must be submitted to the trial court for its approval before the appellate court may consider it.
 {¶ 12} According to appellants' praecipe filed with their notice of appeal, they requested the clerk to immediately prepare and assemble the original papers and exhibits filed in the trial court, as well as to certify a copy of the docket and journal entries. However, appellants did not indicate that they were going to provide this court with a complete or partial transcript under App.R. 9(B), a statement of the *Page 7 
evidence or proceedings under App.R. 9(C), or an agreed statement of the case under App.R. 9(D).
 {¶ 13} Appellants argue that the magistrate's findings of fact and conclusions of law are against the manifest weight of the evidence. Appellants maintain that "the facts upon which this appeal rests are clearly reflected in the documents made part of the record during the [t]rial by [magistrate." We disagree. Whether or not the documents were valid was at issue in the lower court, and thus, they are not sufficient "evidence" for this court to conclude that the trial court's findings and conclusions were against the manifest weight of the evidence.
 {¶ 14} Appellants' alleged error is entirely based upon what transpired at the hearing. In order for this court to determine if the trial court abused its discretion in adopting the magistrate's findings of fact and conclusions of law, a transcript is essential, or in the alternative, a statement pursuant to App.R. 9(C) or 9(D). We have none of these. Thus, we must "presume the validity of the lower court's proceedings, and affirm." Knapp, supra, at 199.
 {¶ 15} In their second assignment of error, appellants argue that the magistrate applied the wrong standard of law to set aside a valid transfer of real property based upon fraud and/or undue influence. They present two issues for review; i.e., whether a different standard of law should have been applied since there was a written deed *Page 8 
and whether appellee met the legal requirements to set aside the deed, when on its face, it appeared to be properly executed.
 {¶ 16} In Singh v. New York Frozen Foods, Cuyahoga App. Nos. 82284 and 82775, 2004-Ohio-1257, at _17, this court stated:
 {¶ 17} "The question then is whether what is in the record provides a basis to address plaintiff's assigned errors. The appellate court needs all relevant portions of the transcript which present the necessary evidence in order to review the trial court's judgment * * *. If a party can demonstrate the error complained of by the use of the original papers and exhibits thereto or by the docket and journal entries, it is not necessary for him to provide an appellate court with a transcript of proceedings, a narrative statement, or an agreed statement as provided for in Appellate Rules 9(B), 9(C) and 9(D)."
 {¶ 18} Thus, this court will address the merits of this assignment, since the issue turns upon whether the magistrate applied the correct standard of law, and not whether his findings and conclusions were in error. In doing so, we will address the facts as found by the magistrate in his decision and subsequently adopted by the trial court.
 {¶ 19} Appellants contend that because they submitted evidence of a formal written deed, they met their burden, and therefore, the burden shifted back to *Page 9 
appellee to prove, by clear and convincing evidence, that "fraud, undue influence, or a combination of the two," occurred.
 {¶ 20} Appellants are correct in their statement of the law with respect to written deeds. "A deed executed in the correct form is presumed to be valid and will not be set aside except upon clear and convincing evidence. Therefore, a party seeking rescission and cancellation of a deed because of undue influence bears the burden of proof by clear and convincing evidence." Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 21} The magistrate, however, applied the standard set forth by this court in Bobko v. Sagen (1989), 61 Ohio App.3d 397. In Bobko, we held that "[i]n an action to set aside a deed to a grantee who is in a relationship of trust and confidence with the grantor, there is a presumption that the transfer is invalid and the burden is on the grantee to establish that the transfer is valid." Id. at 408, citingMcAdams v. McAdams (1907), 80 Ohio St. 232, paragraph one of the syllabus. See, also, Quitter v. Nemes (Dec. 24, 1975), 9th Dist. No. 7891, 1975 Ohio App. LEXIS 8107. Appellants maintain that the magistrate erred in applying this standard of law to the facts of the case.
 {¶ 22} In support of their argument, appellants rely on two Ohio Supreme Court cases, Household Fin. Corp. v. Altenberg (1966),5 Ohio St.2d 190 and Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd.of Revision (1997), 78 Ohio St.3d 325. *Page 10 
After reviewing these cases, we conclude that appellants' reliance on them is misplaced.
 {¶ 23} In Household Fin. Corp., the Supreme Court of Ohio held in the syllabus, "[i]n an action for equitable relief based on fraud, such as to set aside or reform a written document, clear and convincing evidence of the fraud is required, but, in an ordinary action at law for money only based on fraud, a preponderance of the evidence is sufficient to prove such fraud." We have already set forth the law on setting aside written deeds based upon fraud, as in the case sub judice. HouseholdFin. Corp. merely reiterates what we previously stated.
 {¶ 24} Appellants cite Cincinnati School Dist. Bd. of Edn. for their proposition that "[t]he Bobko presumption disappears once any rebuttal evidence is presented." Again, we disagree. In this case, at 328, the Supreme Court stated:
 {¶ 25} "* * * [i]n Ayers v. Woodard (1957), 166 Ohio St. 138, * * * we held in paragraph three of the syllabus: `A presumption is a procedural device which is resorted to only in the absence of evidence by the party in whose favor a presumption would otherwise operate; and where a litigant introduces evidence tending to prove a fact, either directly or by inference, which for procedural purposes would be presumed in the absence of such evidence, the presumption never arises (* * *).' The concept of the burden of proof involved with a presumption is succinctly set forth in Evid. R. 301, which provides: `[a] presumption imposes on the party *Page 11 
against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.'"
 {¶ 26} Certainly, we agree with the Rules of Evidence and the Supreme Court of Ohio. However, we do not agree that Cincinnati School Dist Bd.of Ed. supports appellants' contention.
 {¶ 27} In Cincinnati School Dist. Bd. of Edn., there was a presumption that the sale price of real property reflected the true value of the property. The Supreme Court held that the burden was on the appellants to show that the sale of the property was not at arm's length. The court made it clear that if evidence had been introduced "which had shown that the sale was not an arm's-length transaction, the rebuttable presumption either would have not arisen or it would have disappeared." The appellants presented testimony of one witness to show that the sale was not an arm's-length sale, but the court held that it was not sufficient evidence to rebut the presumption.
 {¶ 28} In the case sub judice, there is a rebuttable presumption that the deed is invalid because there is a confidential or fiduciary relationship between the grantor, Estelle M. Hardy, and the grantee, Fell. As in Cincinnati School Dist. Bd. of Edn., the burden was on appellants to show that the deed was not procured through fraud *Page 12 
or undue influence. According to appellants, they submitted evidence to show there was no fraud or undue influence, and thus the burden should have shifted back to appellee. However, the magistrate concluded that their evidence was not sufficient to rebut the presumption.
 {¶ 29} Thus, it is evident that the magistrate applied the correct standard of law. He employed the rule of law set forth in Bobko after concluding that a fiduciary or confidential relationship existed between Fell and Estelle M. Hardy. After hearing testimony and reviewing documents, he found that appellants did not present sufficient evidence to rebut the presumption that the deed was invalid; i.e, that there was no fraud or undue influence. In fact, the magistrate stated that Fell's "testimony was clearly incredible." This court will not sit as trier of fact de novo. As previously stated, without a transcript or an App.R. 9(C) or (D) statement, we cannot review evidentiary findings or conclusions of law made by the magistrate and adopted by the trial court.
 {¶ 30} Having determined that the magistrate applied the correct standard of law, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision. Thus, appellants' second assignment of error is likewise without merit.
 {¶ 31} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas, Probate Division, is affirmed. *Page 13 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J. and PATRICIA A. BLACKMON, J., CONCUR
[1] Alma Hardy was guardian of the estate of Estelle M. Hardy at the time the complaint was filed. When appellants filed their notice of appeal, appellee was administrator of Estelle M. Hardy's estate. Estelle Hardy passed away on February 3, 2005.
[2] In her complaint, Option One Mortgage Corporation and Stewart Title Company were named as defendants as well. However, neither is a party to this appeal. Appellee alleged in her complaint that the mortgage against the property was void due to the fraudulent transfer of the property. Option One filed a motion for summary judgment, arguing that it was without notice of the alleged fraud, and therefore, the mortgage was valid. The trial court agreed. It granted Option One's motion for summary judgment on October 6, 2004.
[3] Estelle M. Hardy transferred title of the property to Fell. The deed was dated January 7, 2000 and recorded on September 19, 2001. Fell conveyed the property to herself and Adams on March 28, 2002. Fell and Adams then took out a mortgage against the property for $67,500 on the same date and subsequently purchased a home for $239,000, subject to a mortgage in the amount of $192,000, on the following day.
[4] The App.R. 9(C) narrative statement must be served upon the appellee in the case, who then may object to the statement. If objections are filed, the trial court must hold a hearing to settle the matter. *Page 1